### VILLAGE OF KALKASKA v SHELL OIL COMPANY (ON REMAND)

Docket No. 100338. Submitted May 6, 1987, at Lansing. Decided October 6, 1987. Leave to appeal applied for.

The Village of Kalkaska, the County of Kalkaska, and MGM Petroleum, Ltd., brought an action in the Kalkaska Circuit Court against Shell Oil Company, the State of Michigan, and certain landowners. Plaintiffs sought a declaration that the public had a fee simple absolute in the oil, minerals, and gases located underneath certain streets dedicated to public use as reflected in three plats recorded in 1876 through 1918. The streets were already within Shell Oil Company's drilling units when MGM Petroleum obtained oil, mineral, and gas lease rights from Kalkaska Village and Kalkaska County. The trial court, William A. Porter, J., granted summary judgment in favor of defendants and dismissed plaintiffs' complaint. Plaintiffs appealed. The Court of Appeals affirmed and held that the village did not acquire a fee simple absolute in the streets and the oil, minerals, and gases lying underneath them at the time the parcels of property were platted. Rather, the village obtained a base fee limited to the surface of the streets and subject to the qualification or condition subsequent that the streets be continued to be used as streets. The Court of Appeals held that the village was possessed of nothing which it may sell or lease. The Court of Appeals also held that the rights to all oil, gas, and other minerals underlying the streets which are not reasonably and practically available and reasonably necessary and incidental to the maintenance and the operation of the streets are owned in fee by either the owners of the undivided fee interests in the adjoining lots, or by those persons or entities which had reserved in prior conveyances fee title to the same. 157 Mich App 227 (1986). The plaintiffs appealed to the Supreme Court which remanded to the Court of Appeals for

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 163 et seq.

Relative rights, as between municipality and abutting landowners, to minerals, oil, and gas underlying streets, alleys, or parks. 62 ALR2d 1311.

reconsideration in light of *Eyde Bros Development Co v Eaton Co Drain Comm'r,* 427 Mich 271 (1986).

The Court of Appeals, on remand, *held:*

1. The earlier holding in this case by the Court of Appeals is not inconsistent with *Eyde Bros.*

2. While mineral extraction may be appropriate to the extent necessary to place improvements in or on the property, such is not appropriate where the minerals are extracted solely for the purpose of marketing them and collecting the revenues. In the former situation, mineral extraction is the means to a legitimate public end; in the latter situation, it is the end itself, with only an incidental public use of the property.

The former holding of the Court of Appeals is affirmed.

1. MUNICIPAL CORPORATIONS — STREETS — MINERAL RIGHTS.

Mineral extraction by a municipality from beneath platted streets, roads, and alleyways which have been dedicated to public use pursuant to statute may be appropriate to the extent necessary to place improvements in or on the property; such is not appropriate where the minerals are extracted solely for the purpose of marketing them and collecting the revenues; mineral extraction in the former situation is a means to a legitimate public end and in the latter situation is the end itself, with only an incidental public use of the property.

2. ESTATES IN PROPERTY — PLATTED PROPERTY — STREETS — MINERAL RIGHTS.

The rights to all oil, gas, and other minerals underlying platted streets, roads, and alleyways which are not reasonably and practically available and reasonably necessary and incidental to the maintenance and the operation of such public ways are owned in fee by either the owners of undivided fee interests in the adjoining lots, or by those persons or entities which have reserved in prior conveyances fee title to the same.

*William S. Gregory,* for the Village of Kalkaska and the County of Kalkaska.

*Thomas J. Jewett,* for MGM Petroleum, Ltd.

*Mika, Meyers, Beckett & Jones* (by *Mark A. Kehoe*), for Shell Oil Company.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch*

and *Russell E. Prins,* Assistant Attorneys General, for the State of Michigan.

ON REMAND

Before: DANHOF, C.J., and R. M. MAHER and McDONALD, JJ.

PER CURIAM. This case is before us on remand by the Supreme Court to reconsider our holding in *Village of Kalkaska v Shell Oil Co,* 157 Mich App 227; 403 NW2d 474 (1986), in light of its recently released decision in *Eyde Bros Development Co v Eaton Co Drain Comm'r,* 427 Mich 271; 398 NW2d 297 (1986), reh den 428 Mich 1206 (1987). 428 Mich 894 (1987).

In *Village of Kalkaska,* the precise question before us was whether a municipality has ownership rights in the oil, minerals, and gases located beneath platted streets, roads, and alleyways which have been dedicated for public use pursuant to statute. In answering that question in the negative, we adopted as our own the following holding of the trial court:

> "The Village of Kalkaska is possessed of nothing which it may sell or lease. The rights to all oil, gas, and other minerals underlying platted streets, roads, and alley ways which are not reasonably and practically available and reasonably necessary and incidental to the maintenance and the operation of such public ways are owned in fee by either (a) the owners of undivided fee interests in the adjoining lots, or (b) by those persons or entities which have reserved in prior conveyances fee title to the same." [157 Mich App 230, 237.]

Upon reviewing that holding, we do not believe it to be inconsistent with *Eyde Bros,* which held:

> [A] public easement in a highway dedicated by user is not limited to surface travel, but includes those uses, such as the installation of sewers, contemplated to be in the public interest and for the public benefit. [427 Mich 286.]

In deciding *Village of Kalkaska,* we did not mean to intimate that a municipality's interests in public lands is, in all cases, limited to the surface rights only. We were simply presented with a situation where the municipality claimed an interest in the oil, minerals, and gas beneath its streets in order to subsidize the maintenance and utilization of those roadways. The Village of Kalkaska did not assert a claim to the oil, mineral, and gas rights as a necessary incident to the placement of public utilities or structures thereon. Even had such a claim been made, it would not have merit under the facts of this case. While mineral extraction may be appropriate to the extent necessary to place improvements in or on the property (see *Cleveland v Detroit,* 324 Mich 527; 37 NW2d 625 [1949]), such is not appropriate where the minerals are extracted solely for the purpose of marketing them and collecting the revenues (see *Cuming v Prang,* 24 Mich 514 [1872]). In the former situation, mineral extraction is the means to a legitimate public end; in the latter, it is the end itself, with only an incidental public use of the property. Although this distinction may be subtle, we find it to be significant and distinguishing.

Accordingly, we adhere to our earlier holding.